US DISTRICT COURT INDEX SHEET

















BR    2/17/00    4:10

3:00-CV-337 CROSS V. HANDLERY HOTEL

*1*

*CMP*

**PINNOCK & KELSO,** A Law  Firm
Theodore A. Pinnock, Esq.        Bar #: 153434
David C. Wakefield, Esq.         Bar #: 185736
Michelle L. Martin-Wakefield, Esq.  Bar #: 200424
7966 Arjons Drive, Suite 119
San Diego, CA 92126
Phone:     (858) 689-1750
Fax:       (858) 689-1950

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

'00 CV 0337 W (RBB)

|  |  |
|---|---|
| DIANE CROSS; LINDA HANKS, | Case No.: |
| Plaintiffs, | **CIVIL COMPLAINT:** DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS [42 U.S.C. 12182(a) ET. SEQ; CIVIL CODE 51, 52, 54, 54.1; HEALTH & SAFETY CODE 19995; BUSINESS & PROFESSIONS CODE 17200 et. seq.] |
| v. | |
| **THE HANDLERY HOTEL AND RESORT a.k.a. THE HANDLERY HOTEL a.k.a. HANDLERY HOTEL AND COUNTRY CLUB; HANDLERY HOTELS, INCORPORATED; HANDLERY HOTEL HOLDING COMPANY, INCORPORATED, a.k.a. HANDLERY HOLDING COMPANY, INCORPORATED;** | NEGLIGENCE [CIVIL CODE 1714(a), 2338, 3333, 3294; EVIDENCE CODE 669(a)] |
| And | DEMAND FOR JURY TRIAL [F.R.Civ.P. rule 38(b); L.R. 38.1 |
| **DOES 1 THROUGH 10,** Inclusive | |
| Defendants. | |

**INTRODUCTION**

Plaintiffs DIANE CROSS and LINDA HANKS, herein complain, by filing this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial District of the



1

United States District Court of the Southern District of California, that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities. Plaintiffs allege this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates the Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts.  Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights civil action, the public accommodations do not remove the access barriers.  Therefore, Plaintiffs make the following allegations in this federal civil rights action:

## JURISDICTION AND VENUE

1.    The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq.  Venue in the Judicial District of the United States District Court of the Southern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Southern District of California.

## SUPPLEMENTAL JURISDICTION

2.    The Judicial District of the United States District Court of the Southern District of California has supplemental jurisdiction

over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).  The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts.  The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiffs were denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when they attempted to enter, use, and/or exit Defendants' facilities as described within paragraphs 6 through 15 of this Complaint.  Further, due to this denial of full and equal access Plaintiffs and other individuals with disabilities were injured.  Based upon the said allegations the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

### NAMED DEFENDANTS AND NAMED PLAINTIFFS

3.    Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Defendant THE HANDLERY HOTEL AND RESORT a.k.a. THE HANDLERY HOTEL a.k.a. HANDLERY HOTEL AND COUNTRY CLUB is located at 950 Hotel Circle North, San Diego, California, 92108, Assessor Parcel Number 437-360-04-00.  Plaintiffs are informed and believe and thereon allege that Defendant HANDLERY HOTELS, INCORPORATED, is the owner, operator, and/or lessor of THE HANDLERY HOTEL AND RESORT a.k.a.

THE HANDLERY HOTEL a.k.a. HANDLERY HOTEL AND COUNTRY CLUB.

Further Plaintiffs are informed and believe and thereon allege

that Defendant HANDLERY HOTEL HOLDING COMPANY, INCORPORATED,

a.k.a. HANDLERY HOLDING COMPANY, INCORPORATED, is the owner,

operator, and/or lessor of the property located at 950 Hotel

Circle North, San Diego, California, 92108, Assessor Parcel Number

437-360-04-00.  Both Defendants HANDLERY HOTELS, INCORPORATED, and

HANDLERY HOTEL HOLDING COMPANY, INCORPORATED, a.k.a. HANDLERY

HOLDING COMPANY, INCORPORATED, are located at 180 Geary Street,

Suite 700, San Francisco, California, 94108.  The words

"Plaintiffs" and "Plaintiff" as used herein specifically include

DIANE CROSS and LINDA HANKS and persons associated with Plaintiffs

who accompanied Plaintiffs to Defendants' facilities.

4.     Defendants Does 1 through 10, were at all times relevant

herein subsidiaries, employers, employees, agents, of THE HANDLERY

HOTEL AND RESORT a.k.a. THE HANDLERY HOTEL a.k.a. HANDLERY HOTEL

AND COUNTRY CLUB; HANDLERY HOTELS, INCORPORATED; and/or HANDLERY

HOTEL HOLDING COMPANY, INCORPORATED, a.k.a. HANDLERY HOLDING

COMPANY, INCORPORATED.  Plaintiffs are ignorant of the true names

and capacities of Defendants sued herein as Does 1 through 10,

inclusive, and therefore sues these Defendants by such fictitious

names.  Plaintiffs will pray leave of the court to amend this

complaint to allege the true names and capacities of the Does when

ascertained.

5.     Plaintiffs are informed and believe, and thereon allege,

that Defendants and each of them herein were, at all times

relevant to the action, the owner, franchisee, lessee, general

partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship.  Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

6.    Plaintiff DIANE CROSS has a physical impairment and due to this impairment she has learned to successfully operate a wheelchair.  Plaintiff LINDA HANKS is and has been Plaintiff's DIANE CROSS' caregiver for the part four (4) years and regularly accompanies Plaintiff CROSS.

7.    On September 23, 1999, Plaintiffs went to Defendants' THE HANDLERY HOTEL AND RESORT a.k.a. THE HANDLERY HOTEL a.k.a. HANDLERY HOTEL AND COUNTRY CLUB facilities to utilize its goods and/or services by attending a meeting comprised of members of the medical field.  When Plaintiffs patronized Defendants' establishment, they had difficulty using the disabled parking and meeting room facilities at Defendants' establishment because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG") and/or California's Title 24 Building Code Requirements.

8.    Defendants failed to remove obstructions in the disabled parking, exterior path of travel, curb and access ramp, interior path of travel, customer service registration counter, guest pool entrance, and women's restroom facilities of Defendants' establishment.

5

9.    Plaintiffs personally experienced difficulty with said access barriers.  For example, the facility fails to have the required amount of disabled parking spaces.  There are a total of three hundred twenty-six (326) parking spaces at the facility, only six (6) of which are disabled parking spaces.  One of the existing disabled parking spaces fails to have any disability signage.  Plaintiff HANKS drove Plaintiff CROSS and their friend and neighbor, Ms. Veronica MacGowan, to THE HANDLERY HOTEL AND RESORT a.k.a. THE HANDLERY HOTEL a.k.a. HANDLERY HOTEL AND COUNTRY CLUB so that all three (3) of them could attend a meeting sponsored by The Starlight Foundation.  As Plaintiffs drove into the parking lot, Plaintiffs realized there were so few disabled parking spaces at the hotel that they had to drive to the end of the parking lot in order to locate a large enough area that would accommodate both the parking of the vehicle and the electric lift on the back of the vehicle that holds Plaintiff CROSS' wheelchair. Before Plaintiff CROSS exited her vehicle, Ms. MacGowan, informed Plaintiffs that Plaintiff CROSS need not exit her vehicle because Ms. MacGowan was informed that the meeting was being held on the second floor of the hotel facilities, to which there is no access to members of the disability community who use a wheelchair for mobility as the meeting room(s) were up a flight of stairs.  As there was no possibility of access to the second floor meeting room(s), Plaintiffs determined they would not be able to attend the meeting and proceeded to drive home.

10.    In addition to the violations of federal and state disability laws personally experienced by Plaintiffs, additional

disability violations exist at Defendants' hotel and/or resort facilities.  For example, the disabled access ramp leading from the disabled parking spaces to the main walkway has an excessive slope of fifteen percent (15%). Additionally, there are several areas along the exterior path of travel where there are steps or stairs with no alternative access ramp.  The steps or stairs in question fail to have the required safety stripping or contrasting color on the bottom and top step. The customer service registration counter is too high to be accessible to and usable by a member of the disability community who uses a wheelchair for mobility as it is forty-six inches (46") high.  As previously stated, there is a complete lack of access to the second floor of the hotel facilities.  The outside pool area has several entryways leading into the pool, only one (1) of which is accessible to members of the disability community as there are no steps at one entryway.  The one (1) gate leading into the pool area that is allegedly accessible to the disabled community has a latching mechanism that is too high to be accessed by members of the disability community as it is fifty-four inches (54") high.  Also, in order to use the shower in the pool area, a member of the disability community must traverse through the lobby and then travel the entire perimeter of the facility, which is approximately several hundred feet.  A non-disabled individual need only traverse approximately twenty feet (20') from the non-accessible entryways leading into the pool area to access the pool shower facilities.

11.    In the women's restroom in the main lobby area, the strike

clearance on the entrance door is only sixteen inches (16"). This same women's restroom has inaccessible locking mechanisms on the toilet stall doors and fails to have the required audible and visual alarm system. In the women's restroom located by the pool area, the handle/latching mechanism on the toilet stall door is inaccessible and the flush handle on the commode fails to be located on the wide side of the commode. The toilet seat protective cover dispenser is too high to be accessible as it is forty-five inches (45") high. The knee clearance under the lavatory sink is inadequate as it is only nineteen inches (19"). The paper towel dispenser and the sanitary napkin dispenser are both too high to be accessible to and usable by a member of the disability community who uses a wheelchair for mobility as the paper towel dispenser is fifty inches (50") high and the sanitary napkin dispenser is sixty-one inches (61") high. This women's restroom also fails to have the required audible and visual alarm system.

12.   The women's restroom in an area in which there are meeting rooms has an inaccessible entrance door that is only twenty-nine inches (29") wide. The toilet stall door is only twenty-one inches (21") wide and fails to have a closing mechanism. The distance from the edge of the commode to the farthest wall was less than eighteen inches (18"). Also, the distance from the front of the commode to the toilet stall door is only approximately twenty-nine inches (29"). This women's restroom fails to have any of the required grab bars. Additionally, due to the existence of a vanity, the lavatory sink fails to have any

knee clearance.  The sanitary napkin dispenser is too high to be accessible as it is fifty-three inches (53") high.  This women's restroom fails to have the required audible and visual alarm system.

13.   Based on these facts, Plaintiffs allege Plaintiffs were discriminated against each time they patronized Defendants' establishment.

14.   Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities.  Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992.  Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.  Plaintiffs believe and herein allege Defendants' facilities have access violations not directly experienced by Plaintiffs which preclude or limit access by others with disabilities, including, but not limited to, Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Accordingly, Plaintiffs allege Defendants are required to remove all architectural barriers, known or unknown.  Also, Plaintiffs

allege Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

15.   Plaintiffs were extremely upset due to Defendants' conduct.

**WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT**

16.   THE HANDLERY HOTEL AND RESORT a.k.a. THE HANDLERY HOTEL a.k.a. HANDLERY HOTEL AND COUNTRY CLUB; and HANDLERY HOTELS, INCORPORATED, are the commercial tenants of the subject property. The HANDLERY HOTEL HOLDING COMPANY, INCORPORATED, a.k.a. HANDLERY HOLDING COMPANY, INCORPORATED, is the commercial landlord of the subject property.

17.   Plaintiffs aver that the Defendants are liable for the following claims as alleged below:

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS - **Violation of Business and Professions Code section 17200 et seq.**

18.   Plaintiffs incorporate by reference herein the facts plead at ¶¶ 6 - 15 above and elsewhere in this complaint.

19.   Defendants failed to remove obstructions in the entrance and elevator facilities of Defendants' establishment.  Pursuant to federal law, Defendants are required to remove barriers to their existing facilities.  Title III of the Americans With Disabilities Act requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [42 United States Code 12182(b)(2)(A)(iv).]  Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination.  [See 42 United States Code

10

12182(b)(2)(A)(iv).]   Thus, Plaintiffs were subjected to
discrimination in violation of 42 United States Code
12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiffs were
denied equal access to Defendants' existing facilities. Also,
Defendants' facilities failed to provide full and equal access to
Defendants' facility as required by 42 U.S.C. § 12182(a).   Thus,
Plaintiffs were subjected to discrimination in violation of 42
United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188
because Plaintiffs were denied equal access to Defendants'
existing facilities. Additionally, as a result of said access
barriers, Defendants failed and refused to provide a reasonable
alternative by modifying its practices, policies and procedures in
that they failed to have a scheme, plan, or design to assist
Plaintiffs and/or others similarly situated in entering and
utilizing Defendants' services, as required by 42 U.S.C. §
12188(a).   Thus, Plaintiffs were subjected to discrimination in
violation of 42 United States Code 12182(b)(2)(A)(iv) and 42
U.S.C. § 12188 because Plaintiffs were denied equal access to
Defendants' existing facilities.

20.   Pursuant to state law, Defendants are also required to remove
barriers to their existing facilities. These violations denied
Plaintiffs full and equal access to Defendants' facilities.   Thus,
Plaintiffs were subjected to discrimination pursuant to Civil Code
§§ 51, 52, and 54.1 because Plaintiffs were denied full, equal and
safe access to Defendants' facility.   Further, Defendants'
facility, and other goods, services, and/or facilities provided to
the public by Defendants are not accessible to and usable by

11

persons with disabilities as required by Health and Safety Code §
19955 which requires private entities to make their facility
accessible before and after remodeling, and to remove
architectural barriers on and after AB 1077 went into effect.
Additionally, Defendants failed and refused to provide a
reasonable alternative by modifying its practices, policies, and
procedures in that they failed to have a scheme, plan, or design
to assist Plaintiffs and/or others similarly situated in entering
and utilizing Defendants' services as required by Civil Code §
54.1.  Thus, Plaintiffs were subjected to discrimination in
violation of Civil Code § 54.1.  Also, under the Unruh Act,
Defendants violated the Civil Code § 51 by failing to comply with
42 United States Code 12182(b)(2)(A)(iv), Defendants did and
continue to discriminate against Plaintiffs and persons similarly
situated in violation of Civil Code §§ 51, 52, and 54.1. Further,
Defendants had actual knowledge of their barrier removal duties
under the Americans with Disabilities Act, the California Civil
Code, and the California Health & Safety Code before January 26,
1992.

21.  Business and Professions Code section 17200 defines "unfair
competition" and prohibited activities as, ". . . **any unlawful,
unfair or fraudulent business act or practice** and unfair,
deceptive, untrue or misleading advertising and any act prohibited
by Chapter 1 (commencing with Section 17500) of Part 3 of Division
7 of the Business and Professions Code."  (emphasis added).
Defendants' acts and omissions alleged herein are violations of
the above-enumerated federal and state statutory requirements and

12

public policy and therefore constitute unfair competition and/or prohibited activities as such violations are *unlawful, unfair or fraudulent business acts or practices.* Defendants' alleged unlawful, unfair, or fraudulent business acts or practices are specifically prohibited by the specific introductory language of B&P section 17200 that is stated in the conjunctive. Consequently, Plaintiffs allege that Defendants' acts and omissions constitute a violation specifically of this section 17200 of the Business and Professions Code.

22.   Plaintiffs seek injunctive relief requiring Defendants to remedy the disabled access violations present at the Defendants' facilities.   Ancillary to this injunctive relief, Plaintiffs also request restitution for amounts paid by Plaintiffs who attempted to visit and patronize Defendants' facilities during the time period that the subject premises have been in violation of the disabled access laws of the State of California.

23.   Plaintiffs seek, on behalf of the general public, injunctive relief requiring Defendants to comply with the disabled access laws of the State of California at facilities throughout the State of California built, owned, operated, and/or controlled by Defendants.

24.   WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS~ **Negligence**

25.   Based on the facts plead at ¶¶ 6-15 above and elsewhere in this complaint, Defendants owed Plaintiffs a statutory duty to make their facility accessible and owed Plaintiffs a duty to keep

13

Plaintiffs reasonably safe from known dangers and risks of harm. This said duty arises by virtue of legal duties proscribed by various federal and state statutes including, but not limited to, ADA, ADAAG, Civil Code 51, 52, 54, 54.1 and Title 24 of the California Administrative Code and applicable 1982 Uniform Building Code standards as amended.

26.   Title III of the ADA mandates removal of architectural barriers and prohibits disability discrimination.  As well, Defendants' facility, and other goods, services, and/or facilities provided to the public by Defendants are not accessible to and usable by persons with disabilities as required by Health and Safety Code § 19955 which requires private entities to make their facility accessible before and after remodeling, and to remove architectural barriers on and after AB 1077 went into effect.

27.  Therefore, Defendants engaged in discriminatory conduct in that they failed to comply with known duties under the ADA, ADAAG, Civil Code 51, 52, 54, 54.1, ADAAG, and Title 24, and knew or should have known that their acts of nonfeasance would cause Plaintiffs emotional, bodily and personal injury.  Plaintiffs further allege that such conduct was done in reckless disregard of the probability of said conduct causing Plaintiffs to suffer bodily or personal injury, anger, embarrassment, depression, anxiety, mortification, humiliation and distress. Plaintiffs additionally allege that such conduct caused Plaintiffs to suffer damages as a result of these injuries.

///

///

14

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**

THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I: **Denial Of Full And Equal Access**

28.   Based on the facts plead at ¶¶ 6-15 above and elsewhere in this complaint, Plaintiffs were denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations.  Plaintiffs allege Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a).  Thus, Plaintiffs were subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiffs were denied equal access to Defendants' existing facilities.

29.   Plaintiff DIANE CROSS has physical impairments as alleged in ¶ 6 above because her conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, her said physical impairments substantially limit one or more of the following major life activities:  walking.  In addition, Plaintiff DIANE CROSS cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff DIANE CROSS has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

///

CLAIM II: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

30.   Based on the facts plead at ¶¶ 6-15 above and elsewhere in this complaint, Plaintiffs were denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

31.   Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

32.   Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a).

Therefore, Defendants discriminated against Plaintiffs in violation of 42 U.S.C. § 12182(a).

33.   Thus, Plaintiffs were subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiffs were denied equal access to Defendants' existing facilities.

CLAIM III: **Failure To Remove Architectural Barriers**

34.   Based on the facts plead at ¶¶ 6-15 above and elsewhere in this complaint, Plaintiffs were denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants.   Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a).   Plaintiffs are informed and believe, and thus allege that architectural barriers which are structural in nature exist at the following physical elements of Defendants' facilities: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a

person who has a known association with a person with a disability are forms of discrimination.  [See 42 United States Code 12182(b)(2)(A)(iv).]  Thus, Plaintiffs were subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiffs were denied equal access to Defendants' existing facilities.

CLAIM IV: **Failure To Modify Practices, Policies And Procedures**

35.   Based on the facts plead at ¶¶ 6-15 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiffs and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a).  Thus, Plaintiffs were subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiffs were denied equal access to Defendants' existing facilities.

FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

36.   Based on the facts plead at ¶¶ 6-15 above and elsewhere in this complaint, Plaintiffs were denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.  Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide access to

Defendants' facilities due to violations pertaining to the Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

37.    These violations denied Plaintiffs full and equal access to Defendants' facility.  Thus, Plaintiffs were subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiffs were denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

38.    Based on the facts plead at ¶¶ 6-15 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiffs and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1.  Thus, Plaintiffs were subjected to discrimination in violation of Civil Code § 54.1.

 CLAIM III: **Violation Of The Unruh Act**

39.    Based on the facts plead at ¶¶ 6-15 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code

12182(b)(2)(A)(iv), Defendants did and continue to discriminate against Plaintiffs and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

**Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws**

40.  Defendants, each of them, at times prior to and including during the month of September, 1999, respectively, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility.  Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiffs and other similarly situated persons with disabilities. Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make the subject THE HANDLERY HOTEL AND RESORT a.k.a. THE HANDLERY HOTEL a.k.a. HANDLERY HOTEL AND COUNTRY CLUB facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code).  Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the

rights and/or safety of Plaintiffs and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

41.  Defendants', and each of their, actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiffs and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants', and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiffs and other members of the public with physical disabilities.

42.  Plaintiffs pray for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners and operators of other public facilities from willful disregard of the rights of persons with disabilities.  Plaintiffs do not know the financial worth of Defendants, or the amount of treble damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

43.  Wherefore, Plaintiffs pray for damages and relief as hereinafter stated.

FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS- **INJUNCTIVE RELIEF**

44.  Based on the facts plead at ¶¶ 6-15 above and elsewhere herein this complaint, Plaintiffs will suffer irreparable harm

unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.  Plaintiffs allege that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a substantial segment of the disability community.  Plaintiffs allege there is a national public interest in requiring accessibility in places of public accommodation.  Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiffs desire to return to Defendants' places of business in the immediate future.  Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to enjoin compliance with federal and state civil rights laws enacted for the benefit of individuals with disabilities.

DEMAND FOR JUDGMENT FOR RELIEF:

A.    For general damages pursuant to Cal. Civil Code §§ 52, 54.3, 3281, and 3333;

B.    For $1,000 in damages pursuant to Cal. Civil Code §§ 52, and 54.3 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

C.    For injunctive relief pursuant to 42 U.S.C. § 12188(a) and Cal. Civil Code § 55.  Plaintiffs request this Court enjoin Defendants to remove all architectural barriers in, at, or on their facilities related to the following: Space Allowance and

22

Reach Ranges, Accessible Route, Protruding Objects, Ground and

Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps,

Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts),

Windows, Doors, Entrances, Drinking Fountains and Water Coolers,

Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors,

Sinks, Storage, Handrails, Grab Bars, and Controls and Operating

Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

D.    For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C.

§ 12205, and Cal. Civil Code § 55;

E.    For treble damages pursuant to Cal. Civil Code §§  52(a),

and 54.3(a);

F.    For Restitution pursuant to Business and Professions section

17200;

G.    A Jury Trial and;

H.    For such other further relief as the court deems proper.


Respectfully submitted:

                          PINNOCK & KELSO, A Law Firm

Dated: February 15, 2000

                    By: _____
                        THEODORE A. PINNOCK, ESQ.
                        DAVID C. WAKEFIELD, ESQ.
                        MICHELLE L. MARTIN-WAKEFIELD, ESQ.
                        Attorneys for Plaintiffs

23

JS44
(Rev. 07/89)

CIVIL COVER SHEET

**'00 CV 0337 W (RBB)**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

DIANE CROSS; LINDA HANKS

**DEFENDANTS** THE HANDLERY HOTEL AND RESORT a.k.a. THE HANDLERY HOTEL, a.k.a. HANDLERY HOTEL AND COUNTRY CLUB; HANDLERY HOTELS, INCORPORATED; HANDLERY HOTEL HOLDING COMPANY, INCORPORATED, a.k.a. HANDLERY HOLDING COMPANY, INCORPORATED; And DOES 1 THROUGH 10, Inclusive

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**  San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Theodore A. Pinnock, Esq.      SBN: 153434
David C. Wakefield, Esq        SBN: 185736
Michelle L. Martin-Wakefield, Esq.  SBN 200424
Pinnock & Kelso, A Law Firm, 7966 Arjons Drive, Suite 119
San Diego, California 92126
Telephone: (858) 689-1750; Facsimile: (858) 689-1950

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
      (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. Sections 12101-12102, 12181-12183, and 12201, Et. Seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure Of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**
TO BE DETERMINED AT TRIAL

Check YES only if demanded in complaint
JURY DEMAND ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE              Docket Number

DATE  February 15, 2000

SIGNATURE OF ATTORNEY OF RECORD

#57509 $152 -/0AD